UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jermaine Tyrone Fuller, #338130, | ) | C/A No. 3:12-2755-RBH-JRM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Bruce M. Bryant; Christopher DiOrio; Josiah Howze, | ) | |
| Defendants. | ) | |

Jermaine Tyrone Fuller ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Plaintiff alleges that he was incarcerated in the York County Detention Center from December 20, 2008, until November 24, 2009, and he alleges Defendant Bruce M. Bryant was the Sheriff at that detention center. Compl. 2–3, ECF No. 1. He alleges during his time in the detention center he "was subjected to treatment which led to his unusual behavior bringing his mental condition into question." *Id.* He alleges several incidents of paranoia, delusions, and self-inflicted starvation. Compl. 3–4. Plaintiff alleges on September 10, 2009, he was taken to Piedmont Medical where the Defendants, Dr. DiOrio, D.O., and Dr. Howze, a psychiatrist, examined him. Compl. 4. He alleges that Dr. DiOrio and Dr. Howze were employed at the Piedmont Medical Center in York, South Carolina, and they "diagnosed" him as "cachetic, anorexic, and dehydrated." Compl. 2, 4.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Plaintiff alleges that his judgment was impaired as demonstrated by his refusal of food due to his religion when his religion (Jehovah's Witnesses) does not promote fasting. Compl. 4. He alleges that although Dr. DiOrio and Dr. Howze were "aware of his critical condition" they decided to release him such that he was returned to the detention center the same day. *Id.* Plaintiff alleges that the Defendants Dr. DiOrio and Dr. Howze were negligent which caused him to illegally be confined in a county jail while he was mentally ill. *Id.* Further, he alleges that he was "subsequently subjected to unfair judicial proceedings and convicted while mentally ill." *Id.*

For his relief, Plaintiff requests an order to the Defendants that they must "provide full licensed psychiatric examination of his mental condition during the period of his incarceration at Detention center based on records of Detention Center and Piedmont Medical, testimony of witnesses who had contact with Plaintiff at Detention Center . . . and recordings of Plaintiff's telephone conversations from the Detention Center." Compl. 5. Plaintiff requests that if it is determined that he was mentally ill during his incarceration at the detention center, the Defendants must pay him for each day he was confined there. *Id.* Further, he seeks damages for each day "he is serving in prison for his conviction resulting from that unlawful imprisonment." *Id.*

## Review Pursuant to the Prison Litigation Reform Act ("PLRA")

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*,

2

712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal

3

construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Dr. DiOrio and Dr. Howze committed medical malpractice, or were negligent, when they examined Plaintiff on September 10, 2009, at the Piedmont Medical Center and inappropriately released him to be returned to the detention center when he was suffering from a mental illness. However, medical malpractice in general does not violate the Constitution, and it is well settled that negligence is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct . . . ."). "Deliberate indifference is a very high standard – a showing

4

of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient). Thus, even assuming that Dr. DiOrio and Dr. Howze incorrectly diagnosed Plaintiff or failed to recognize or treat his severe mental illness, an error in judgment or a mistake does not create deliberate indifference. *Id.* at 695-96. A medical malpractice claim "does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Therefore, Plaintiff failed to state a claim on which relief may be granted pursuant to § 1983 against Defendants Dr. DiOrio and Dr. Howze.

If Plaintiff is attempting to bring a state law malpractice claim against Dr. DiOrio and Dr. Howze, a civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and all Defendants are domiciled in South Carolina; thus, complete diversity is lacking.

As to Defendant Bruce M. Bryant, Sheriff of York County, the Eleventh Amendment protects him in his official capacity from a suit for damages in this Court. In South Carolina, a sheriff is an agent of the state and is not under the control of the county. *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action

against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1637 n.1 (2011); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, Defendant Bryant should be dismissed based on Eleventh Amendment immunity.

Moreover, if Plaintiff is suing Sheriff Bryant in his individual capacity, Plaintiff did not allege that Sheriff Bryant was personally involved with his treatment at the detention center. Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (holding that plaintiff need not

6

pin his claim for relief to precise legal theory). Even if the Complaint could be construed such that Plaintiff brings suit against Sheriff Bryant because he was the supervisor or manager of persons who allegedly committed misconduct, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."). Therefore, because Plaintiff did not plead any factual allegations that state a plausible claim for relief against Sheriff Bryant, he should be dismissed.

Lastly, this action is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. The Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 266 (4th Cir. 2008). Plaintiff alleges that he is currently unlawfully imprisoned because of the defendants' misconduct. A favorable determination on the merits of Plaintiff's claims in this § 1983 action

7

would imply that Plaintiff's criminal conviction he is currently serving is invalid. Because Plaintiff has not demonstrated or alleged that he previously successfully challenged the lawfulness of his state conviction, his claim for damages should be dismissed because a right of action has not accrued.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

October 18, 2012
Columbia, South Carolina

Joseph R. McCrorey
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).