IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jermaine Tyrone Fuller, | ) | Civil Action No.: 3:12-cv-02755-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bruce M. Bryant; Christopher | ) | |
| DiOrio; Josiah Howze, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jermaine Tyrone Fuller, a state prisoner proceeding *pro* se, filed this action under

42 U.S.C. § 1983, alleging that the above-captioned Defendants either caused or did not properly

treat his mental condition.  This matter is before the Court after the issuance of the Report and

Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1]  In the R&R,

the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's action against

Defendants *without prejudice* for failing to sufficiently state a claim against Defendants, for lack of

subject matter jurisdiction, or because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477

(1994).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2012, Plaintiff, who is now in the custody of the South Carolina Department

of Corrections, filed a complaint alleging that, when he was detained in the York County Detention

Center, Defendant Bruce M. Bryant was the York County Sheriff. Compl. 2-3, ECF No. 1.  He

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was
referred to the Magistrate Judge for pretrial handling.  The Magistrate Judge's review of Plaintiff's
complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and
1915A.  The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See
Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775
F.2d 1274, 1278 (4th Cir. 1985).

claims that during his time in the detention center he "was subjected to treatment which led to his unusual behavior bringing his mental condition into question." *Id.* He alleges several incidents of paranoia, delusions, and self-inflicted starvation. *Id.* at 3-4. Plaintiff alleges on September 10, 2009, he was taken to Piedmont Medical where Defendants Dr. DiOrio and Dr. Howze examined him and "diagnosed" him as "cachetic, anorexic, and dehydrated." *Id.* at 2, 4. He alleges that although Dr. DiOrio and Dr. Howze were "aware of his critical condition" they decided to release him such that he was returned to the detention center the same day. *Id.* Plaintiff alleges that Dr. DiOrio and Dr. Howze were negligent which caused him to illegally be confined in a county jail while he was mentally ill. *Id.* Further, he alleges that he was "subsequently subjected to unfair judicial proceedings and convicted while mentally ill." *Id.*

For his relief, Plaintiff requests that Defendants "provide full licensed psychiatric examination of his mental condition during the period of his incarceration at Detention center based on records of Detention Center and Piedmont Medical, testimony of witnesses who had contact with Plaintiff at Detention Center . . . and recordings of Plaintiff's telephone conversations from the Detention Center." *Id.* at 5. Plaintiff requests that if it is determined that he was mentally ill during his incarceration at the detention center, the Defendants must pay him for each day he was confined there. *Id.* Further, he seeks damages for each day "he is serving in prison for his conviction resulting from that unlawful imprisonment." *Id.*

The Magistrate Judge issued his R&R on October 18 2012, recommending that Plaintiff's complaint be summarily dismissed. R&R, ECF No. 8. Plaintiff filed timely objections, in which he added new parties to this action, Pl.'s Objs., ECF No. 10. Then, approximately twenty days after the filing deadline for objections, Plaintiff filed what he calls "Joinder of Parties and Supplemental

Objection to Magistrate's Order."[2] ECF No. 11. The Magistrate Judge's R&R and Plaintiff's filings are now before the Court.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Magistrate Judge recommends dismissing Plaintiff's action against all Defendants *without prejudice* for failing to sufficiently state a claim against Defendants, for lack of subject

---

[2] To the extent Plaintiff objects to the Magistrate Judge's recommendation in his November 28 filing, the Court disregards the objections as untimely. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

matter jurisdiction, or because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff objects, however, only to the dismissal of Defendant Bruce Bryant.[3]  He contends that Defendant Bryant, along with two new defendants, Andrzej E. Kalinski and James F. Arwood, "individually violated his constitutional rights while operating in their official capacities at the York County Detention Center." Pl.'s Objs. 1.

As an initial matter, the Court construes the addition of Andrzej E. Kalinski and James F. Arwood as an amendment to Plaintiff's complaint.  Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading *once as a matter of course* within . . . 21 days after serving it."  For any subsequent amendment, a party must seek leave from the Court. Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*  Here, because Plaintiff's complaint has not yet been served on Defendants, Plaintiff may amend his complaint to add Andrzej E. Kalinski and James F. Arwood as defendants.  Furthermore, Plaintiff seeks leave to amend his complaint to add Tammy Dover. ECF No. 11.  The Court grants leave for Plaintiff to amend his complaint to add Dover in light of the addition of Kalinski and Arwood.  As no defendant has been served, the Court finds no prejudice.

Yet, the Magistrate Judge's R&R remains germane to Defendant Bryant.  As to Defendant Bryant, the Magistrate Judge concludes that he cannot be sued for damages in his official capacity because he is an agent of the State of South Carolina and protected by sovereign immunity. Furthermore, the Magistrate Judge recommends dismissing Defendant Bryant to the extent Plaintiff seeks damages from him individually.  According to the Magistrate Judge, "Plaintiff did not plead any factual allegations that state a plausible claim for relief against Sheriff Bryant." R&R 7.  Lastly,

---

[3] As Plaintiff does not object to the Magistrate Judge's recommendation that Defendants Dr. DiOrio and Dr. Howze should be dismissed, the Court need only review the R&R for clear error.  After reviewing the R&R and finding no clear error, Defendants Dr. DiOrio and Dr. Howze are hereby dismissed from the action *without prejudice* and without service of process.

to the extent Plaintiff alleges that he is unlawfully imprisoned by Defendant Bryant's misconduct, the Magistrate Judge finds such a claim barred by *Heck*.

In his objections, Plaintiff largely rehashes the allegations he raised against Defendant Bryant in his initial complaint. Indeed, he even notes he is "expounding on his initial complaint." Pl.'s Objs. 1. The Court, however, may only consider objections to the R&R that direct it to a specific error in the Magistrate Judge's R&R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199.

Plaintiff makes no specific, coherent objection to the R&R regarding the recommendations that the claims against Defendant Bryant in his official capacity and any claims challenging his conviction or sentence should be dismissed. In fact, Plaintiff notes he "does not directly challenge the validity of his conviction." Pl.'s Objs. 3. Without specific objections, those claims—to the extent they are made in Plaintiff's complaint—must be dismissed. As such, the only recommendation before the court for possible *de novo* review is that Plaintiff's claim against Defendant Bryant, acting in his individual capacity, should be dismissed. In his objections, Plaintiff responds, "According to medical reports, Sheriff Bryant admitted [him] to Piedmont Medical Center for evaluation, substantiating Bryant's participation [in P]laintiff's mistreatment." *Id.* at 1. This fact, however, was not alleged in Plaintiff's complaint and was raised for the first time in his objections—an improper objection to merit *de novo* review. Plaintiff cannot use his objections to

plead new claims or cure the factual defects of his existing claims against Defendant Bryant. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (noting that it is a district court's duty to review "all *arguments* . . . regardless of whether they were raised before the magistrate" (emphasis added)).

Out of an abundance of caution, however, the Court shall review Plaintiff's claims against Defendant Bryant, acting individually. As the Magistrate Court noted, § 1983 does not permit claims based on the doctrines of vicarious liability and respondeat superior. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."). After a review of Plaintiff's complaint, the Court finds no factual allegation that can plausibly support a claim that Defendant Bryant, "though [his] own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, Plaintiff's objections, to the extent they are proper, are overruled.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, Plaintiff's motion for leave to amend his complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above, the Court hereby adopts the R&R as modified.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for leave to amend his complaint to add Defendants Andrzej E. Kalinski, James F. Arwood, and Tammy Dover, ECF Nos. 10, 11, are **GRANTED**. A proper amended complaint adding only these three new Defendants must be filed **within fifteen (15) days of the issuance of this order**. If Plaintiff does not timely file an amended complaint, this action shall be subject to dismissal.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendants Bruce M. Bryant, Christopher DiOrio, Josiah Howze, whether in their individual or official capacities, are **DISMISSED** *without prejudice*. This matter is **REMANDED** to the Magistrate Judge for further proceedings consistent with this order, including screening the new Defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 11, 2013