IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jermaine Tyrone Fuller, ) | Civil Action No.: 4:12-cv-02755-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| James F. Arwood, Andrzej E. Kalinski, ) | |
| and Tammy Dover, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, a state prisoner with the South Carolina Department of Corrections ("SCDC") proceeding *pro se*, initiated this suit while he was a pretrial detainee at the York County Detention Center. He filed his Complaint on September 24, 2012, which was amended on June 19, 2013, alleging a claim pursuant 42 U.S.C. § 1983. [Am. Compl., Doc. # 15.] This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the magistrate judge recommends that the Court grant the Motion for Summary Judgment filed by Defendants James Arwood and Tammy Dover [Doc. # 55] on the basis of the plaintiff's failure to exhaust administrative remedies, and that the Court dismiss Defendant Andrzej E. Kalinski pursuant to Fed. R. Civ. P. 4(m). Plaintiff timely filed objections on November 10, 2014 [Pl.'s Obj., Doc. # 84]. Defendants filed a Motion for Extension of Time to File a Reply to the Objections [Doc. # 87] on January 7, 2015. On the same date, Defendants filed a Reply. Plaintiff filed a response in opposition to the motion on January 20, 2015 [Doc. # 89].

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge West for pretrial handling.

For the reasons discussed herein, the Court adopts the R&R as modified below.

### Background[2]

Plaintiff alleges violations of his constitutional rights by the named Defendants. Specifically, Plaintiff alleges Defendants have violated his Eighth and Fourteenth Amendment rights by "intentionally denying to release Defendant from their supervision to receive proper care and further by imposing conditions . . . which Plaintiff claims were to intentionally diminish his mental capacity." [*See* Am. Compl., Doc. # 15, at 3.] Plaintiff refers to concerns that his food contained drugs but seems to focus his complaints on a period of months during which Plaintiff was fasting and losing weight and during which he was placed on suicide watch and "solitary confinement." In addition, he complains that the window of his cell in "solitary confinement" was covered, "robbing him of all natural light." *Id*. at 2.

On April 23, 2014, Defendants Arwood and Dover filed their Summary Judgment Motion [Doc. # 55], arguing that they are entitled to judgment on all grounds and that the case should be dismissed.

### Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[2] The facts of this case, including citations to the record, are discussed more thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 82, at 2–5.]

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **Discussion**

Plaintiff argues the magistrate erred in determining that he did not exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") of 1995. Under the PLRA "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff *must* avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001).

Those remedies "'need not meet federal standards', nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

As the Supreme Court has explained, properly exhausting administrative remedies "means using *all steps* that the agency holds out, and *doing so properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis added and internal citations and quotation marks omitted). "[A] prisoner must file complaints and appeals in the place, *and at the time*, the prison's administrative rules require." *Id*. at 93. ("[A]s a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice."). A court may not consider, and must dismiss, unexhausted claims. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

It is undisputed in the case at bar that the plaintiff did not file any grievances. Under the YCDC grievance policy, "grievable items" include "departmental policies and procedures, institutional policies and procedures, prohibited act by a member of the staff, violation of civil rights, criminal act, and abridgement of inmate privileges." [Attachment to Aff. of James F. Arwood, Doc. # 55-2, at 6] The grievance policy also refers to certain "non-grievable items". "Disciplinary and classification decisions are not within the province of the Grievance Procedure as each maintains its own formal review. Medical decisions are not grievable under this policy . . ." *Id*. In 2009, a "specific and separate formal review process" was in place at the jail for disciplinary and classification decisions. [Supplemental Aff. of James F. Arwood, Doc. 79-1, at 2]

The Court finds that, in light of the undisputed facts and considering all reasonable inferences in Plaintiff's favor, Plaintiff failed to exhaust his administrative remedies. Plaintiff

contends that his claim is "entirely based on medical decisions made by Defendants" and that, as such, his claim was not grievable under the detention center policy. He asserts that the clause in the policy providing that civil rights actions are grievable does not distinguish between "a medical issue that would or would not rise to a level of a civil rights violation and thereby deems any and all medical decisions to be non-grievable." [Pl. Ob., Doc. #84, at 3] The Court agrees with the Magistrate Judge that the plaintiff's lawsuit alleges constitutional violations consisting of deliberate indifference to his medical needs. This was clearly an alleged civil rights violation and not a lawsuit based on medical malpractice. Also, insomuch as the amended complaint complains of the plaintiff's confinement in a "solitary cell", such complaints would have been grievable under the detention center's separate policy governing prisoner complaints regarding their classification, which Plaintiff did not make any attempt to follow. Because Plaintiff has failed to exhaust his administrative remedies, it is not necessary to discuss the merits of Plaintiff's claim. However, the Court finds that, even if the plaintiff's claims would not be considered grievable, the defendants' other arguments would support granting the motion for summary judgment.

The Magistrate Judge also recommends the dismissal of Defendant Kalinski on the basis of Fed. R. Civ. P. 4(m). The United States Marshal attempted unsuccessfully to serve this defendant at the York County Detention Center, the address provided by the plaintiff. The Magistrate notes that, when the Deputy Marshal "attempted to serve Kalinski at that address, he was informed that Kalinski had not worked there in several years." *See* USM-285 Returned Unexecuted, Doc. # 44. In his objections, the plaintiff states that he "provided the Court with a second USM-285 with the business address of Defendant Kalinski" and that he inquired about the matter in February of 2014 through a letter to the Clerk of Court but that he never received a response. He attached the letter to his objections.

5

The Court finds that the plaintiff has arguably shown good cause for the failure to timely serve Defendant Kalinski. However, even assuming that Plaintiff has shown good cause for the lack of service of Dr. Kalinski under Rule 4(m), it would appear that Plaintiff has failed to exhaust his administrative remedies as to this defendant under the same analysis set forth herein as to the other defendants. Therefore, it would appear that he should be dismissed without prejudice for the same reasons. Plaintiff has not disputed the defendants' assertion that he did not file any grievances at all, much less any grievances regarding the handling by the YCDC of the situation presented by his fasting.

The Court accordingly inquires on its own motion as to whether the plaintiff has exhausted his administrative remedies regarding his claims against Defendant Dr. Kalinski. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674 (4th Cir. 2005)(Court may dismiss a complaint on its own motion on the basis of failure to exhaust administrative remedies after affording the plaintiff an opportunity to respond.) Plaintiff is therefore given the opportunity to respond as to whether he has exhausted his administrative remedies regarding his claims against Dr. Kalinski. Any response shall be filed within ten (10) days from the date of this order.

### Conclusion

The Court has thoroughly analyzed the entire record, including the Amended Complaint, Motion for Summary Judgment, objections, and applicable law. The Court has further conducted the required review of the plaintiff's objections and adopts the R&R as to Defendant Arwood and Dover. As to Defendant Kalinski, the Court finds that he should not be dismissed pursuant to Rule 4(m) but raises *sua sponte* the issue whether this defendant should be dismissed for failure to exhaust administrative remedies. Plaintiff is therefore given the opportunity to respond as to

whether he has exhausted his administrative remedies regarding his claims against Dr. Kalinski. Any response shall be filed within ten (10) days from the date of this order.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment by Defendants Arwood and Dover [Doc. # 55] is **GRANTED, and the Complaint is dismissed without prejudice as to these defendants**. The Defendants' Motion to Extend Time is **GRANTED**, as they have shown excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). The Court grants the plaintiff ten (10) days in which to file a response as to whether Defendant Kalinski should be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
February 19, 2015