IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jermaine Tyrone Fuller,            ) | Civil Action No.: 4:12-cv-02755-RBH |
|             Plaintiff,           ) | |
| v.                                 ) | **ORDER** |
| James F. Arwood, Andrzej E. Kalinski, ) | |
| and Tammy Dover,                   ) | |
|             Defendants.         ) | |

Plaintiff, a state prisoner with the South Carolina Department of Corrections ("SCDC") proceeding *pro se*, initiated this suit while he was a pretrial detainee at the York County Detention Center. He filed his Complaint on September 24, 2012, which was amended on June 19, 2013, alleging a claim pursuant to 42 U.S.C. § 1983. [Am. Compl., Doc. # 15.] In an order filed on February 19, 2015 (and mailed to the plaintiff on the same date), this Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, as to Defendants James Arwood and Tammy Dover, and dismissed those defendants without prejudice on the basis of the plaintiff's failure to exhaust administrative remedies. The Court rejected the recommendation of the Magistrate that the Court should dismiss Defendant Andrzej E. Kalinski pursuant to Fed. R. Civ. P. 4(m). Instead, the Court inquired on its own motion regarding whether Defendant Kalinski should be dismissed on the basis of failure to exhaust administrative remedies. The Court gave the plaintiff "ten (10) days in which to file a response as to whether Defendant Kalinski should be dismissed without prejudice for failure to exhaust administrative remedies".

**Analysis**

In his Amended Complaint, Plaintiff alleges that the defendants "did violate his civil rights against cruel and unusual punishment under the 8th amendment of the U.S. constitution while under their care at the York County Detention Center between December 20, 2008 and November 24, 2009." (Am. Compl., ECF No. 15, p.1) Specifically, Plaintiff alleges Defendants violated his constitutional rights by "intentionally denying to release Defendant from their supervision to receive proper care and further by imposing conditions . . . which Plaintiff claims were to intentionally diminish his mental capacity." [*See* Am. Compl., Doc. # 15, at 3.] Plaintiff focuses his complaints on a period of months during which Plaintiff was fasting and losing weight and during which he was placed on suicide watch and "solitary confinement." *Id*. at 2.

The record contains an affidavit by James F. Arwood, the chief jail administrator of the York County Detention Center, in which he indicates that the YCDC provides inmates with an administrative process regarding problems with conditions of confinement. (ECF No. 55-2) The affidavit indicates that the plaintiff did not file any grievances relating to the matters alleged in his complaint filed with this Court. After the Court issued its order allowing the plaintiff to make a filing to show exhaustion of his administrative remedies as to Dr. Kalinski, Plaintiff has filed nothing.

Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff *must* avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "'need not meet federal standards', nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

As the Supreme Court has explained, properly exhausting administrative remedies "means using *all steps* that the agency holds out, and *doing so properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis added and internal citations and quotation marks omitted). "[A] prisoner must file complaints and appeals in the place, *and at the time*, the prison's administrative rules require." *Id*. at 93. ("[A]s a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice."). A court may not consider, and must dismiss, unexhausted claims. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

It is undisputed in the case at bar that the plaintiff did not file any grievances. Under the YCDC grievance policy, "grievable items" include "departmental policies and procedures, institutional policies and procedures, prohibited act by a member of the staff, violation of civil rights, criminal act, and abridgement of inmate privileges." [Attachment to Aff. of James F. Arwood, Doc. # 55-2, at 6] The grievance policy also refers to certain "non-grievable items". Medical decisions are not grievable under this policy . . ." *Id*. [Supplemental Aff. of James F. Arwood, Doc. 79-1, at 2]

The Court finds that, in light of the undisputed facts, Plaintiff failed to exhaust his administrative remedies. The plaintiff's lawsuit alleges constitutional violations consisting of

3

deliberate indifference to his medical needs. The allegations assert a civil rights violation and not medical malpractice.

## Conclusion

For the foregoing reasons, Defendant Kalinski is dismissed without prejudice on the basis of the plaintiff's failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
April 10, 2015